IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SAUNDRA S.,[1] <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | § § § § § § § § § § § § § Civil Action No. 3:24-CV-01947-BU |

# **MEMORANDUM OPINION AND ORDER**

Plaintiff Saundra Saldana seeks judicial review of a final adverse decision of the Commissioner of Social Security (Commissioner) under 42 U.S.C. § 405(g).[2] Dkt. No. 1. This case was automatically referred to the undersigned with a designation to exercise the district court's full jurisdiction and conduct all proceedings in this case upon the consent of the parties. *See* Special Order No. 3-350. Both parties have since consented to proceed before a magistrate judge. *See* Dkt. Nos. 7, 15.

For the reasons explained below, the Court DISMISSES Plaintiff's complaint for lack of subject matter jurisdiction.

---

[1] Due to concerns regarding the privacy of sensitive personal information available to the public through opinions in Social Security cases, Plaintiff is identified only by first name and last initial.

[2] The final adverse decision the Court is referencing is the Commissioner's decision as to Plaintiff's Title II claim, not her Title XVI claim.

1

## I. JURISDICTION

Under 42 U.S.C. § 405(g), the Court has subject matter jurisdiction over final decisions of the Commissioner.[3] Venue is proper in the United States District Court, Northern District of Texas, Dallas Division because Plaintiff resides in Dallas County, Texas. Dkt. No. 1 at 3; 42 U.S.C. § 405(g).

## II. FACTUAL BACKGROUND

Plaintiff first filed for disability benefits on September 15, 2016. Administrative Record, Dkt. No. 12 (Tr.) at 29. In this initial application, Plaintiff applied for both Title II benefits and Title XVI benefits. Title II and Title XVI are the two programs administered by the Social Security Administration (SSA) to provide benefits based on disability and, in the latter, poverty also. Title II provides for payment of disability benefits to disabled individuals who are "insured" under the Social Security Act by virtue of their contributions to the Social Security trust fund through the Social Security tax on their earnings. *See generally*, 42 U.S.C. §§ 401–403. In contrast, Title XVI provides Supplemental Security Income (SSI) benefits to disabled individuals and their minor children based on their limited income. *See generally*, 42 U.S.C. §§ 1381–1383f.

Plaintiff's first claim for benefits was ultimately denied by an Administrative Law Judge (ALJ). *Id*. The Appeals Council (AC) denied review of this decision on April 24,

---

[3] As discussed in this Order, the Court finds that the Commissioner did not make a final decision as to Plaintiff's Title XVI claim. Instead, the ALJ found that he did not have jurisdiction over the claim because Plaintiff did not make a claim for these benefits in her initial application. Because the Commissioner did not make a final decision, the Court does not have jurisdiction over this claim.

2019, and the United States District Court Northern District of Texas upheld this decision on July 31, 2020. *Id*.

The application underlying this present action was filed on July 7, 2021. *Id*. In this application, Plaintiff stated, "I apply for a period of disability and/or all insurance benefits for which I am eligible under Title II and Part A of Title XVII of the Social Security Act." Tr. at 255. Although Plaintiff's application also contained the following statement: "I have filed or intend to file for SSI," her reference to Title XVII is to the Medicare program, not SSI benefits available under Title XVI. *Id*. At all administrative levels, the application was treated as an application for Title II benefits only. *See id*. at 30. On June 7, 2022, Plaintiff's Title II application was initially denied and on March 13, 2023, it was denied again upon reconsideration. *Id*.

Following these denials, Plaintiff filed a written request for a hearing and a hearing occurred on November 17, 2023, by telephone. *Id*. ALJ Joseph Liken then issued an opinion denying Plaintiff's request for Title II benefits. *Id*. at 26-39. Plaintiff then requested the Appeals Council (AC) review that decision and submitted additional medical evidence. *Id*. at 1-7. The AC denied Plaintiff's request for review, stating that the new evidence did not relate to the period at issue. *Id*. at 2. On July 30, 2024, Plaintiff initiated this present civil action, seeking judicial review of the ALJ's denial. Dkt. No. 1.

### III. PROCEDURAL HISTORY

A.     ALJ's Decision

The ALJ conducted a telephone hearing to review the denial of Plaintiff's application and determine whether Plaintiff was disabled under the Act. Tr. at 127-156.

Shortly after this hearing, the ALJ found that Plaintiff was not disabled.[4] *Id*. at 26-43. The ALJ made various findings in his opinion, the most relevant ones to the present action being: (1) the Title II application did not provide a basis for reopening and revising the Agency's July 2020 decision and (2) that Plaintiff's application was solely one for Title II benefits, not benefits under Title XVI. *Id*. at 29, 30.

These two findings limited the adjudicative period. *See id*. at 30-32. The ALJ determined that it could not consider a disability onset date prior to September 27, 2018, given the prior hearing decision that Plaintiff was not disabled. *Id*. at 31. "[T]he prior hearing decision issued on September 27, 2018 [] remains the final and binding determination of the Commissioner, the undersigned is precluded from considering the issue of disability prior to September 27, 2018[.]" *Id*. Further, the ALJ determined that he could only consider Plaintiff's application as one for Title II benefits, not Title XVI benefits. *Id*. at 29. Specifically, the ALJ noted:

> [T]he claimant's request to include a Title XVI claim made by and through the claimant's representative []. The undersigned is also aware of the representative's argument [], that there was an intent to file for supplemental security benefits. However, there is no Title XVI application of record. No Title XVI application of record, no escalation of any Title XVI application, and no denial or reconsideration determination on a Title XVI application,

---

[4] The Commissioner employs a five-step analysis to determine whether claimants are disabled under the Social Security Act. Here, the ALJ found that (1) Plaintiff did not engage in substantial gainful activity during the adjudicative period (2) Plaintiff had the following severe impairments during the relevant period: lumber and cervical spine degenerative disc disease and diabetes mellitus (3) none of these impairments alone or in combination met or medically equaled the severity of one of the listed impairments in the Social Security Regulations. Tr. at 33-34. The ALJ continued on to determine that Plaintiff had a residual functioning capacity (RFC) to perform light work "except she could occasionally climb ladders, ropes, or scaffolds and occasionally crouch and stoop. She could frequently climb ramps and stairs and frequently balance and kneel." *Id*. at 35. Based on this RFC, the ALJ then concluded that Plaintiff can perform her past work as a director of student services. *Id*. at 38. Thus, the ALJ determined that Plaintiff had not been under a disability during the adjudicative period. *Id*. at 39.

>   the undersigned has no jurisdiction over any Title XVI claim []. The representative's request to consider a Title XVI application is explicitly denied, as the undersigned has no jurisdiction over any Title XVI issue, and this decision will not further address any Title XVI issue.

*Id*. at 29-30.

Because the ALJ treated Plaintiff's application as one for Title II benefits, he only considered the time Plaintiff was insured for purposes of sections 216(i) and 223 of the Social Security Act. *Id*. at 31-32. Determining that she was insured through December 31, 2018 (date last insured), the ALJ found the period for which Plaintiff was eligible for disability was from September 28, 2018, through December 31, 2018 (adjudicative period). *Id*. at 32. After considering evidence from this three-month period, the ALJ concluded that Plaintiff was not disabled. *Id*. at 33.

    **B.**    **Appeal Council's Decision**

Plaintiff appealed the ALJ's decision to the AC. *Id*. at 1-7. She submitted new medical evidence from Texas Spine Associates. *Id*. at 2. However, the AC determined this evidence did not relate to the adjudicative period and concluded that there was no basis for changing the ALJ's decision. *Id*. at 1. Plaintiff subsequently filed this action in federal district court. Dkt. No. 1.

    **C.**    **Plaintiff's Challenge**

Plaintiff does not challenge the ALJ's finding that she was not disabled during the adjudicative period. *See* Dkt. Nos. 17, 22. Rather, Plaintiff challenges the ALJ's decision that her application was not one for Title XVI benefits and his resulting determination of the adjudicative period. *See* Dkt. Nos. 17, 22. Because Title II benefits require the claimant be insured, the ALJ refused to consider any medical evidence after Plaintiff's date of last

5

insured. However, Plaintiff contends that her application was for both Title II and Title XVI benefits, the latter of which is not affected by her insurance status. Dkt. No. 17 at 5. Therefore, she argues the ALJ should have considered her case through January 18, 2024, the date of his decision. *Id*. at 8. Excluding five years' worth of evidence, according to Plaintiff, prejudiced her and was in violation of the Agency's rules. *Id*. at 9-10.

## IV. LEGAL STANDARDS

To be entitled to Social Security benefits, a claimant must show that they are disabled within the meaning of the Act. *Leggett v. Chater*, 67 F.3d 558, 563–64 (5th Cir. 1995); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

Although a claimant bears the burden of establishing whether they meet the requirements for a disability, an ALJ's finding that a claimant has not satisfied their burden must be based on substantial evidence. *See, e.g.*, *Belk v. Colvin*, 648 F. App'x 452 (5th Cir. 2016) (per curiam). And judicial review of the Commissioner's decision to deny benefits is limited to determining whether that decision is supported by substantial evidence and whether the proper legal standards were applied to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).

Substantial evidence means more than a scintilla, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant

evidence as a responsible mind might accept to support a conclusion." *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000). While a reviewing court must scrutinize the administrative record to ascertain whether substantial evidence supports the Commissioner's findings, it may not reweigh the evidence, try issues de novo, or substitute its own judgment for that of the Commissioner. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). "If the Commissioner's findings are supported by substantial evidence, then the findings are conclusive and the Commissioner's decision must be affirmed." *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (citing 42 U.S.C. § 405(g)). A reviewing court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

In evaluating a disability claim, the Commissioner has promulgated a five-step sequential process to determine whether: (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in Appendix 1 of the Social Security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity. *See* 20 C.F.R. § 404.1520; *Audler v. Astrue*, 501 F.3d 446, 447–48 (5th Cir. 2007).

Under the first four steps of the analysis, the burden lies with the claimant to prove disability. *Leggett*, 67 F.3d at 564. Once the claimant satisfies their initial burden, the burden shifts to the Commissioner at step five to show that there is other gainful employment in the national economy that claimant can perform. *Greenspan*, 38 F.3d

at 236. If the Commissioner shows that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). "A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987); *see also* 20 C.F.R. § 404.1520(a)(4).

## V. DISCUSSION

The Plaintiff argues that remand is appropriate because the ALJ only considered her application as one for Title II benefits instead of a claim for both Title II and Title XVI benefits. The Commissioner counters stating that the Plaintiff did not file for Title XVI benefits and, because her claim for Title XVI did not escalate through the administrative process, *i.e.*, she did not exhaust her administrative remedies on a Title XVI claim, the Court does not have jurisdiction over it.

There is no dispute that, to seek judicial review of the Commissioner's decision, the claimant must have first exhausted their administrative remedies. There is no dispute that Plaintiff's Title II claim satisfied this requirement. The issue of whether her Title XVI also fulfilled this prerequisite turns on whether the Title II application included a claim for Title XVI benefits. Accordingly, the Court will first address whether Plaintiff sufficiently applied for Title XVI benefits within the meaning of the Act.

1. **The ALJ properly considered Plaintiff's application as one for Title II benefits only.**

8

Plaintiff argues that her application was one for both Title II and Title XVI benefits. Plaintiff points to the following statement in her application: "I have filed or intend to file for SSI." Tr. at 255.

A.  *Social Security Regulations*

The Social Security Regulations provide different avenues for a disabled individual to apply for benefits. The two relevant to the present case are the grounds provided under Title II and Title XVI of the Social Security Act. 42 U.S.C.A. §§§ 423, 1381a, 1382; 20 C.F.R. § 416.202.  Under Section 223 of Title II, a United States citizen may be entitled to benefits if they are (i) insured for disability insurance benefits (ii) have not obtained the age of 62 (iii) have filed an application for disability insurance benefits and (iv) are under a disability. 42 U.S.C.A. §§§ 423. "The Social Security Act is [] clear in requiring that disability must be proven to exist during the time that the claimant is insured within the meaning of the special insured status requirements of the Act." *Demandre v. Califano*, 591 F.2d 1088, 1090 (5th Cir. 1979); *see also Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992) ("[T]o prove that she is entitled to disability benefits [under Title II, claimant] must not only prove that she is disabled, but that she became disabled prior to the expiration of her insured status.").

Alternatively, Title XVI benefits do not depend on whether the claimant is insured but rather on their disability status and their income. *See* 42 U.S.C. §§ 1381a, 1382; 20 C.F.R. § 416.202. Specifically, an individual may be entitled to benefits if they are (1) age 65 or older, blind, or disabled (2) a resident of the United States, with some exceptions not relevant to the present case and (3) they do not have more income or resources then

9

permitted by the Act. 20 C.F.R. § 416.202. To receive benefits under Title XVI, an individual must file an application with the Agency. 20 C.F.R. § 416.202(g); *see also* 20 C.F.R. § 416.305(a) ("In addition to meeting other requirements, you must file an application to become eligible to receive benefits.").

The Agency will consider an application for benefits if the following conditions are met: (1) the claimant completes an application form prescribed by the Agency (2) that form is filed at a social security office, at another Federal or State office that is designated to receive the application on behalf of the Agency, or with a person authorized by the Agency to receive such application (3) the application is signed by clamant or someone authorized to sign the application under the regulations and (4) the applicant is alive at the time of the filing. 20 C.F.R. § 416.310.

The application is considered filed on the date it is received by one of the statutorily authorized locations. 20 C.F.R. § 416.325. However, the Agency may consider an earlier date as the date of filing under the practice commonly described as "protective filing." To protectively file, an applicant must submit a writing, signed by the claimant or an authorized individual, which indicates an intent to claim benefits for the author or another person. 20 C.F.R. § 416.340(a)-(d)(1). The day the Agency receives this writing will serve as the filing date if the prescribed application is properly filed with the Agency within 60 days of the date of notice and the claimant is alive when the application is filed. *Id*. Finally, the Agency will only use this earlier date if it results in a claimant's eligibility for additional benefits.

   B. *Application to Plaintiff's Case*

Here, Plaintiff argues that her statement of intent to file for Title XVI benefits within her Title II application constitutes a protective filing and therefore, the ALJ erred in limited the adjudicative period solely based on her insurance status. There is no dispute that Plaintiff submitted a statement of intent. The issue rather is whether she fulfilled the other requirements of protective filing – namely, whether she submitted a prescribed application with the Agency within 60 days.

After Plaintiff's first claim for benefits was denied and that denial affirmed by this Court, Plaintiff's second filing consisted of one application with the Agency. The Application Summary states that this application is for "insurance benefits" under Title II and Part A of Title XVII of the Social Security Act. Tr. at 255. In support of her argument that this was also an application for benefits under Title XVI, Plaintiff highlights the following statement within the summary: "[Plaintiff] filed or intends to file for [supplemental security income]." Tr. at 255. Commissioner argues that this statement can only be construed as an intent to file and does not constitute an application in and of itself. Dkt. No. 21 at 6. For the reasons described below, the Court agrees with the Commissioner.

As the Commissioner recognizes, Plaintiff's representative acknowledged that a Title XVI application was never submitted to the Agency. *See* Tr. at 131 ("At the outset, I would like to say a Title XVI claim has not been filed."). Despite conceding this point at the ALJ hearing, Plaintiff now urges the Court to find the opposite. Plaintiff's entire argument is that her single statement within her Title II application constituted both a statement of intent to file and an application for Title XVI benefits. However, the

11

regulations clearly imply these are two separate requirements which cannot be satisfied with a single filing.

As discussed above, a statement of intent is only effective if the claimant submits a *subsequent* application within 60 days of the statement. 20 C.F.R. § 416.340 (emphasis added). This provision only has one logical interpretation: the additional, later filing requirement indicates that the statement of intent cannot serve as the application itself. Plaintiff, though heavily citing this regulation in her briefing, does not address this provision. She states instead that she expressed her statement of intent and filed a form prescribed by the regulations but omits the critical fact that these were not separate filings, but one event. *See* Dkt. Nos. 17 at 5-6; 22 at 2.

Section 1510 of the Social Security Handbook does not lead to a contrary conclusion, despite Plaintiff's contention. See Dkt. No. 17 at 8-9. This provision states "*Unless you restrict the scope of your application*, the application will cover all classes of benefits on all Social Security numbers (SSN), for which you are eligible, regardless of the title of the application." SSA Handbook, § 1510 (emphasis added).  Here, however, Plaintiff did restrict the scope of her application by stating that it was for benefits under Title II and Part A of Title XVIII. Tr. 255. Therefore, the Agency was not required to interpret the application as one for all benefits for which Plaintiff may have been eligible.

Plaintiff also highlights the statement in Section 1510 which reads: "[an applicant] can expand or restrict the scope of [their] application as long as [they] add the appropriate remarks, in writing, on the application, before we make a decision on your claim." SSA Handbook, § 1510. Plaintiff argues that the statement of intent expands the scope of this

letter. Again, this argument ignores the text of the provision. Dkt. No. 17 at 8. The provision states that you can *add* a statement to expand the scope of the application. Here, the statement of intent was included on the initial application. In other words, Plaintiff limited the scope of that initial application to Title II and Title XVIII, with the simultaneous promise to later file for Title XVI benefits. After setting that scope, Plaintiff did not provide any additional remarks to the initial application to indicate she was expanding the application to include Title XVI.

Because the only application was for benefits under Title II, the ALJ did not err in limiting its review to the three-month adjudicative period.

**2. Because no Title XVI application was filed, the Court does not have jurisdiction over the present case.**

Federal courts are courts of limited jurisdiction. In the context of social security appeals, 42 U.S.C. 405(g) governs whether the Court has jurisdiction over the Agency's prior administrative decisions. The relevant language reads, "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action[.]" 42 U.S.C. 405(g). Courts have held this provision requires administrative exhaustion, which generally means a plaintiff's application must proceed through the following four-step process before obtaining review from a district court: (1) an initial determination regarding eligibility; (2) reconsideration of the initial determination; (3) request for a rehearing by an ALJ and (4) a request for AC to review the ALJ's decision. *Chambers v. Kijakazi*, 86 F.4th 1102, 1106 (5th Cir. 2023). Only after the plaintiff's

application has escalated through these four levels may the claimant request judicial review. *Id*.

The Commissioner argues that this Court does not have jurisdiction over Plaintiff's Title XVI claim given that she never filed an application with the Agency for benefits under this Title. Plaintiff does not dispute the ALJ's finding that

> [T]here is no Title XVI application of record. No Title XVI application has been escalated to the hearing level by the Administration, and there is no initial or reconsideration denial determination on a Title XVI application, the undersigned has no jurisdiction over any Title XVI claim.

Dkt No. 22 at 1 (citing Tr. at 29).

Because the Plaintiff never submitted an application for Title XVI benefits, she has not exhausted her administrative remedies. More specifically, Plaintiff's Title XVI claim did not undergo an initial determination or reconsideration of that initial determination. *See Chambers*, 86 F.4th at 1106. Just as the ALJ did not have jurisdiction over the Title XVI claim, neither does the Court have jurisdiction to review that decision. *See Lucero v. Soc. Sec. Admin.*, No. A-22-CV-1229-LY-ML, 2023 WL 3035441, at *2 (W.D. Tex. Feb. 3, 2023), *report and recommendation adopted*, No. 1:22-CV-01229, 2023 WL 3441563 (W.D. Tex. May 12, 2023) (finding the court did not have jurisdiction where the claimant had not actually applied for benefits).

Because the Court does not have subject matter jurisdiction over Plaintiff's Title XVI claim, it DISMISSES her claims.

## VI. CONCLUSION

For these stated reasons, the Court DISMISSES Plaintiff's claims without prejudice for lack of subject matter jurisdiction.

ORDERED this 26th day of March 2025.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE